Patsy Johnson, Executive Administrator Kansas State Board of Nursing Landon State Office Building 900 S.W. Jackson, Room 551 Topeka, Kansas 66612-1230
Dear Ms. Johnson:
As Executive Director for the Kansas State Board of Nursing, you request our opinion regarding the constitutionality of a proposed nurse licensure compact.[1] You recognize that the compact would have to be enacted by the Legislature. The central feature of this compact is that nurses would be required to be licensed in their "home state"[2] meaning primary state of residence. The compact then provides:
 "A license to practice registered nursing issued by a home state to a resident in that state will be recognized by each party state as authorizing a multistate licensure privilege to practice as a registered nurse in such party state. A license to practice licensed practical/vocational nursing issued by a home state to a resident in that state will be recognized by each party state as authorizing a multistate licensure privilege to practice as a licensed practical/vocational nurse in such party state. In order to obtain or retain a license, an applicant must meet the home state's qualifications for licensure and license renewal as well as other applicable state laws."
Reciprocity in professional licensure is extremely common between states. In every case we could find, however, there was a requirement that there be substantial equivalency between qualifications of the respective states. Currently, to practice nursing in Kansas, a Kansas license is required.[3] Nurses who already have an out-of-state license may obtain a license by endorsement "if, in the opinion of the board, the applicant meets the qualifications required . . . in this state."[4] The compact would represent a substantial change and would result in nurses who do not live in Kansas being allowed to practice in Kansas without meeting Kansas qualifications. There could be a significant number of such nurses along the state lines or if "tele-nursing" becomes common (in the event tele-nursing is considered "practicing" in Kansas.)
You ask whether the compact and its consequences represent an unconstitutional delegation of legislative authority, or if it unconstitutionally infringes on Kansas' sovereignty, which is essentially the same question.
We start by noting that the Kansas Constitution specifically addresses delegation of powers to interstate bodies. It provides:
 "The legislature may confer legislative powers upon interstate bodies, comprised of officers of this state or its political subdivisions acting in conjunction with officers of other jurisdictions, relating to the functions thereof. Any such delegation, and any agreement made thereunder shall be subject to limitation, change or termination by the legislature, unless contained in a compact approved by the congress."[5]
We do not believe this provision is applicable to this question, however. The compact does not purport to delegate authority to the compact administrators to set any minimum licensure standards for a state to be admitted to the compact. Enactment of the compact would essentially delegate to the legislatures of other states authority to set the minimum licensure requirements for licensees of those states who practice in Kansas. If one state's legislature decided that a correspondence course in aroma therapy, for example, is all that is necessary to be licensed as nurse in that state, as long as a person retained that state as their primary residence, that person could practice in Kansas as a nurse. While this may be unlikely, if it or a similarly undesirable practice arose, Kansas would be powerless to object.
Regulation of professions such as nursing is within a state's police power.[6] Police power is vested in the Legislature.[7]
The Kansas Supreme Court recently discussed delegation of legislative power:
 "Legislative power is the power to make a law, as opposed to the power to enforce a law. A legislature may try to delegate the legislative power to make a law. Such a delegation is improper, unless specific constitutional authority allows the legislature to delegate its legislative power to a different branch of government. If the constitution does not authorize a delegation of such legislative power, then the delegation is improper as a violation of the separation of powers doctrine and art. 2, § 1, which vests legislative power with the legislature only. However, a legislature may delegate an administrative power to a different branch of government. Administrative power is the power to administer or enforce a law, as opposed to the legislative power to make a law. The legislature does not need constitutional authority to delegate administrative power because it is not delegating a power reserved for its branch of government under art. 2, § 1."[8]
Because the compact would, through absolute reciprocity, allow other states' legislatures the unqualified right to determine the qualifications for the practice of nursing in this state by nonresidents, we believe the compact would be an unconstitutional delegation of legislative authority.
We do note that in Attorney General Opinion No. 98-7 this office considered a proposed Uniform Accountancy Act which would provide reciprocity for certified public accountants. The proposed statutes at issue there included a provision on substantial equivalency.
We also note that Kansas has granted reciprocity with regard to drivers' licenses. K.S.A. 8-236 provides exemptions to Kansas drivers' license requirements for nonresidents. The exemptions, however, are conditioned upon the driver being of a specified minimum age, which is apparently the most important qualification and, therefore presents a very different situation than the nurse licensure compact. (There also may be Commerce Clause issues with regard to limits on drivers' license reciprocity.)
In summary, we believe that enactment of the nurse licensure compact as it presently is drafted would be an unconstitutional delegation of legislative authority because it grants other states the unqualified right to determine the qualifications for the practice of nursing in this state by nonresidents.
Because we have concluded that the compact would be unconstitutional, we need not consider the other questions presented.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm
[1] Nurse Licensure Compact (compact), November 6, 1998.
[2] Compact, Article II(e).
[3] K.S.A. 1998 Supp. 65-1115 (RN); K.S.A. 65-1116(LPN).
[4] K.S.A. 1998 Supp. 65-1115(c)(2); 65-1116(c)(2).
[5] Kan. Const., Art. 2, § 30.
[6] The Kansas State Board of Healing Arts v. Foote,200 Kan. 447 (1968).
[7] See, e.g., Tri-State Hotel v. Londerholm, 195 Kan. 748
(1965).
[8] State ex rel. Tomasic v. Unified Government of WyandotteCounty/Kansas City, Kan., 264 Kan. 293, 303 (1998).